# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BENITA MONIQUE CLARK, | * |
| Plaintiff, | * |
| v. | * Case No.: SAG-16-4009 |
| COMMISSIONER OF SOCIAL SECURITY | * |
| Defendant. | * |

## MEMORANDUM OPINION

On December 16, 2016, Plaintiff Benita Monique Clark ("Ms. Clark") petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability benefits. [ECF No. 1]. Currently pending is the Commissioner's Motion to Dismiss Ms. Clark's Complaint. [ECF No. 12]. Ms. Clark, who is represented by counsel, has not filed a response. I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons explained below, I will grant the Commissioner's Motion to Dismiss.

On October 11, 2016, the Appeals Council mailed Ms. Clark notice of its decision denying her request for review of an adverse decision issued by an Administrative Law Judge, regarding her claim for benefits. [ECF No. 12, Chung Decl., Ex. 2]. That notice also advised Ms. Clark of her statutory right to commence a civil action within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g) and (h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Ms. Clark has not alleged that she received the notice outside of the statutory time period. She therefore had to file her civil

action on or before December 15, 2016.  Instead, Ms. Clark filed her complaint one day late, on December 16, 2016. [ECF No. 1].

Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines.  *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).  The limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines.  "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'"  *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000) (citing *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)).  Ms. Clark has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case.  As a result, equitable tolling is not warranted.  Ms. Clark filed her case after the statutory limitations period had run.  Accordingly, the Commissioner's Motion to Dismiss is granted.

**CONCLUSION**

For the reasons set forth above, the Commissioner's Motion to Dismiss, [ECF No. 12], is GRANTED, and the Clerk is directed to CLOSE this case.

A separate order follows.

Dated: May 24, 2017                                         /s/
                                                                             Stephanie A. Gallagher
                                                                             United States Magistrate Judge